**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAYNA MONET SHARPER | : | |
| | : | |
| Appellant | : | No. 1871 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 9, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-SA-0000308-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAYNA MONET SHARPER | : | |
| | : | |
| Appellant | : | No. 1872 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 9, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-SA-0000307-2019

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                      **FILED JUNE 16, 2020**

In these consolidated appeals, Appellant, Shayna Monet Sharper, appeals from the October 9, 2019 Judgments of Sentence entered in the Luzerne County Court of Common Pleas following her convictions of Disorderly Conduct and Harassment.[1]  Appellant challenges the sufficiency of the

---

[1] 18 Pa.C.S. §§ 5503(a)(1) and 2709(a)(3), respectively.

evidence presented at her bench trial in support of her convictions. After careful review, we affirm.

Sometime between 11:00 and 11:30 on the morning of April 5, 2019, Appellant arrived at her daughter's school to speak with Ms. Ann Marie Mantione, the school's principal.[2] School staff let Appellant into the building,[3] whereupon Ms. Mantione's secretary, Melissa Grenewicz, indicated to Ms. Mantione that Appellant was behaving "out of control." N.T., 10/9/19, at 14. Ms. Mantione, who was in a meeting in an adjacent room, could hear Appellant screaming in the school office. *Id.* She opened the school office door to find Appellant causing "chaos" in the office. *Id.*

School Resource Officer John VanWhy responded to the "chaos." Based on the information provided to him by "several witnesses," he issued a citation to Appellant for Disorderly Conduct.

After Appellant received her citation, school district staff, including Acting Superintendent Dr. Terry Schnee, instructed Appellant not to have any contact with Ms. Mantione or the school district until the pending Disorderly Conduct citation had been resolved through the magisterial court process.

_____

[2] Just prior to her arrival, Ms. Mantione had called Appellant to inform her that Appellant's daughter had been the victim of an assault at school. Appellant responded to this news by becoming angry and yelling ceaselessly. The call ended when Ms. Mantione hung up the phone because Appellant would not stop screaming at her.

[3] The school keeps its doors locked during the school day. Visitors who wish to enter the school must ring a bell, identify themselves, and provide a reason for their visit. School employees grant access to the interior of the school by unlocking the doors and "buzzing" approved visitors in.

Notwithstanding, Appellant continued to call the school requesting a meeting with Ms. Mantione, ostensibly to discuss Appellant's daughter's academic problems. On April 16, 2019, Ms. Mantione asked substitute school secretary Karen Bosek to contact Appellant with two possible dates for a meeting. Instead of selecting a meeting date over the phone, however, Appellant informed Ms. Bosek that she was coming to the school and would not leave until she had a meeting date set.

Appellant arrived at the school and Ms. Bosek permitted her to enter.[4] Appellant was "already hot," and was screaming. N.T. at 20. The school was administering standardized tests that day and school staff was concerned that Appellant's behavior was disrupting the quiet and calm educational environment needed for the students to complete the assessments. Ms. Mantione, the school's guidance counsellor Ms. Carla Myers, Officer VanWhy, and a school and safety administrator ushered Appellant down a small hallway and into a guidance office to minimize the disruption. Ms. Mantione described Appellant as screaming, causing chaos, and gesticulating wildly. About eight to ten minutes into this encounter, Appellant indicated to school staff that she was video recording their meeting, to which Ms. Mantione objected.

Appellant, accompanied by her daughter, left the school and, at approximately 1:00 PM, visited Dr. Schnee at the superintendent's office to complain about Ms. Mantione and address academic concerns raised by

---

[4] Because Ms. Bosek was a substitute secretary, she was unaware that she should not permit Appellant to enter.

Appellant. Dr. Schnee offered to be responsible for handling Appellant's academic counselling meetings outside of Appellant's daughter's school so Appellant would not need to return there. Dr. Schnee "strongly advised" Appellant to avoid further contact with the school pending the outcome of Appellant's Disorderly Conduct hearing. Dr. Schnee contacted Ms. Mantione shortly thereafter and then informed her that Appellant would not be returning to the school.

Later that day, at school dismissal time, however, Appellant did return to the school. She parked her car in a parking lot across the street from the school and then began approaching school staff members as they were leaving school for the day. Some staff members returned to the school building in an effort to avoid Appellant. Appellant crossed the street, approached the school, and positioned herself in a location that forced school staff to pass by her when they exited the building. Ms. Mantione called the police because she knew that Dr. Schnee had told Appellant not to return to the school. The police then arrived and issued Appellant a citation for Harassment.

On May 7, 2019, a magisterial district judge found Appellant guilty of Disorderly Conduct and Harassment. Appellant timely appealed and her summary appeal trial commenced on October 9, 2019. The Commonwealth presented evidence establishing the facts recounted above. Appellant testified on her own behalf. N.T. at 45-64. In her testimony, she denied complaining about her daughter's refusal to retaliate against the student who pulled her daughter's hair. She also denied ever raising her voice, and claimed that

academic concerns motivated her contact with the school on the relevant occasions. She testified that she had spoken in "a very calm tone" and was "never once rowdy" or loud.

With respect to the April 16, 2019 incident, Appellant claimed that she went to school because the meeting dates offered to her were too close to the end of the school year and because she wanted to meet with the guidance counsellor about her academic concerns. She asserted that she spoke calmly with the secretary in the school office—never loudly or rowdily. Appellant claimed that Ms. Mantione had responded to Appellant's measured expressions of concerns with accusations that Appellant was harassing her. Appellant conceded that for three minutes she recorded the meeting with school staff, but claimed that she had received their consent.

Appellant explained that she returned to school later that afternoon because she had the impression that she was not permitted to come to the school and she felt like she had been "cut off" from it. She claimed to want "something in writing" that stated that she was barred from entering the school. She reiterated that she never screamed or acted in another way described by the Commonwealth's witnesses.

Following the close of trial, the court found Appellant guilty of both charges and sentenced her to pay a $150 fine for each conviction. The trial

court noted that, in contrast to the testimony of the Commonwealth's witnesses, Appellant's testimony had "no credibility whatsoever."[5]

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the Commonwealth present sufficient evidence to prove, beyond a reasonable doubt, that [] Appellant possessed the requisite intent to establish that she committed the offense of Disorderly Conduct?

2. Did the Commonwealth present sufficient evidence to prove, beyond a reasonable doubt, that [] Appellant possessed the requisite intent to establish that she committed the offense of Harassment?

Appellant's Brief at 2.

Both of Appellant's issues challenge the sufficiency of the Commonwealth's evidence in support of her convictions.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on

_____

[5] Trial Ct. Op., 12/10/19, at 5 (unpaginated).

circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

Under Pennsylvania law, a defendant is guilty of Disorderly Conduct if, "with intent to cause public inconvenience, annoyance[,] or alarm, or recklessly causing a risk thereof" she "engages in fighting or threatening, or in violent or tumultuous behavior." 18 Pa.C.S. § 5503(a)(1).

A person is guilty of the offense of Harassment if the Commonwealth proves that "with intent to harass[,] or annoy[,] or alarm another" the person engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose. 18 Pa.C.S. § 2709(a)(3).

In her issues, Appellant purports to challenge the sufficiency of the Commonwealth's evidence that she possessed the requisite *mens rea* to commit the offenses of Disorderly Conduct and Harassment.[6] However, this Court's review of the Argument sections of her Brief indicate that Appellant focused the arguments in support of those claims on assertions that the Commonwealth failed to prove that she committed the acts outlined in the respective statutes. *See* Appellant's Brief at 12 (where appellant argues that: (1) the Commonwealth did not prove that she "engaged in fighting with

---

[6] Appellant's phrasing of her issues in her Pa.R.A.P. 1925(b) Statements was, in substance, identical. *See* Rule 1925(b) Statements, 12/2/19, at ¶ 3(a).

anyone" or "act[ed] in a reckless manner that could be considered fighting;" and (2) that the evidence does not demonstrate that Appellant's behavior was criminal because her actions do "not fit within the definitions of fighting, threatening, violent behavior, or tumultuous behavior"), 15-16 (where Appellant argues that each of her visits to her daughter's school was for a legitimate purpose and not for the purpose of harassing, annoying, or alarming anyone at the school and she concludes that absent proof of an illegitimate purpose, her conviction cannot stand).

Our Rules of Appellate Procedure provide, in relevant part, that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Therefore, we need not, and will not, consider any issue that an appellant has not included in her statement of questions involved or that is not fairly suggested thereby. *See Graziani v. Randolph*, 856 A.2d 1212, 1216 (Pa. Super. 2004) (considering on appeal only the aspects of the appellant's argument that "clearly pertain" to each question involved as stated). *See also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (reiterating that in order to preserve a challenge to the sufficiency of the Commonwealth's evidence, an appellant must specifically identify each of the distinct statutory elements she believes the Commonwealth failed to prove).

Here, the issues raised by Appellant in her statement of questions involved "clearly pertain" only to the Commonwealth's lack of proof that she possessed the requisite *mens rea* to commit the charged crimes. Arguments

that the Commonwealth did not prove other elements of the charged offenses are not "fairly suggested" by these claims. Thus, we will only consider Appellant's arguments in support of the claims she actually raised in her Statement of Questions Involved, and we decline to consider Appellant's arguments in support of claims she did not raise.

Review of Appellant's arguments, however, reveals that she has not presented any discussion or citation to relevant authority pertaining to the preserved claims, *i.e.*, that the Commonwealth failed to adduce sufficient evidence of her *mens rea*. **See** Pa.R.A.P. 2119(a) (requiring that an appellant support each part of her argument with discussion and citation to relevant authorities). Accordingly, we find those claims waived. **See Commonwealth v. Johnson**, 985 A.2d 915, 925 (Pa. 2009) (explaining that an appellant waives a claim on appeal where she fails to provide any discussion of it with citation to relevant authority).

Judgment of Sentence affirmed.[7]

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020

---

[7] Even if Appellant had preserved her challenges to the sufficiency of the evidence, we would conclude that, in light of the evidence underlying the facts recounted above, her issues lack merit. The evidence demonstrated that Appellant committed the offense of Disorderly Conduct when she appeared at the school, and yelled, screamed, and disrupted staff members, which continued even after they informed her that she was being disruptive and attempted to calm her down. With respect to her Harassment conviction Dr. Schnee's testimony—that he had arranged for Appellant to meet with him outside of her daughter's school to discuss her academic concerns—undermines her argument that she had a legitimate purpose for continuing to visit the school. Thus, we would conclude no relief is due on either sufficiency challenge.